## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Walton, | Case No. 23-cv-2795 (JMB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Before this Court is James Walton's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2241. (Doc. 1.) This petition was transferred to this District from Mr. Walton's sentencing court in the Eastern District of North Carolina. (*See* Doc. 1-2 at 4–5.) In his petition, Mr. Walton claims that the Federal Bureau of Prisons ("BOP") has failed to properly calculate his aggregated sentence and the time he had served against it. (*Id.*) Specifically, Mr. Walton argues that the BOP refused to credit him for a three-month-and-17-day portion of his sentence that was imposed concurrently with the other portions of his sentence. (*Id.*) He asks the Court to require the BOP to properly recalculate his aggregated sentence and the time served against that balance. (*Id.*) Mr. Walton's petition comes before the Court for review under Rule 4 of the Rules Governing § 2254 cases in the United States District Courts,[1] and has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota

---

[1] Mr. Walton does not bring his habeas petition pursuant to 28 U.S.C. § 2254. Nevertheless, the Court may apply the Rules Governing Section 2254 Cases to his Petition. *See* Rule 1(b).

Local Rule 72.1. For the reasons below, the Court recommends that Mr. Walton's petition be denied as moot.

## BACKGROUND

In December 2000, Mr. Walton pled guilty to possessing crack cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). *See United States v. Walton, et al*, 2:00-cr-0022 (Doc. 19), (E.D.N.C. Dec. 18, 2000). The court sentenced him to 60 months of imprisonment, followed by five years of supervised release. *Id.* (Doc. 41). Mr. Walton began his term of supervised release in February of 2005. *Id.* (Doc. 75 at 1). One of the conditions of Mr. Walton's supervised release—standard for any federal offender—was that he not engage in further criminal activity. *Id.*; *see also* 18 U.S.C. § 3583(d).

In March of 2007, the government filed a Motion for Revocation[2] of Mr. Walton's supervised release based on allegations that he possessed cocaine and firearms—actions eventually resulting in a new federal indictment. *Id.* (Docs. 75 at 1–2; 91 at 2; *see also United States v. Walton*, 2:07-cr-0017 (E.D.N.C. Aug. 15, 2007)). In January 2008, Mr. Walton pled guilty to two counts in his new indictment: conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *United States v. Walton*, 2:07-cr-0017 (Doc. 23). In February 2008, Mr. Walton was sentenced to 37 months of imprisonment for his supervised release

---

[2] While styled as a Motion, the document itself reveals it is signed under penalty of perjury by a United States Probation Officer, and is identical in all relevant respects to the petitions to revoke supervised release filed in this and other districts.

2

violation. *United States v. Walton, et al*, 2:00-cr-0022 (Doc. 93). And in May 2008, Mr. Walton was sentenced to a total of 300 months of imprisonment for his new matter: 240 months for his drug conspiracy conviction, and 60 consecutive months for his firearms offense. *United States v. Walton*, 2:07-cr-0017 (Doc. 30 at 3). The sentencing court on Mr. Walton's new matter ordered that his 300-month sentence be served consecutively to any other sentence Mr. Walton was already serving. *Id.*

On May 12, 2021, Mr. Walton moved his sentencing court for compassionate release under the First Step Act,[3] and on August 26, 2021, the court granted his request in part and modified his sentence. *United States v. Walton, et al*, 2:00-cr-0022 (Docs. 119, 132). The sentencing court "MODIFIE[D] defendant's sentence to run CONCURRENTLY with his supervised release revocation sentence of 37 months' imprisonment in 2:00-CR-22-BO-1." *Id.* (Doc. 132).

This brings us to the current petition before the Court. Mr. Walton is presently serving his sentence in the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone").[4] At the time of filing his petition, the BOP had calculated Mr. Walton's total

---

[3] Congress enacted the First Step Act in 2018 in an effort to reduce the federal prison population while also creating mechanisms for maintaining public safety by reducing recidivism risk. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018); *see also* Congressional Research Service, *The First Step Act of 2018: An Overview*, at 1 (2019), https://crsreports.congress.gov/product/pdf/R/R45558/. One portion of the First Step Act, Section 603(b), amended a statutory provision and newly allowed a prisoner to petition the court directly for compassionate release because of extraordinary and compelling reasons typically related to that prisoner's health or family circumstances. *See, e.g.*, *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. 2021) (explaining the legal standard for compassionate release requests under Section 603(b)).

[4] Mr. Walton sought the relief in this motion with his sentencing court, but that court opined that "[i]f the Bureau of Prisons has calculated [Mr. Walton's] sentence to result in greater

sentence to be an aggregated 25-year, 3-month, and 17-day term if imprisonment, with an expected release date of October 7, 2028 when adjusted for his good conduct time. (Doc. 11 ¶ 4; *id.*, Ex. A at 5.) However, after Mr. Walton filed this petition, the BOP performed an audit of his sentence computation, found a discrepancy between what the sentencing court had ordered and what the BOP had imposed, and corrected his aggregated sentence by reducing it from 25 years, 3 months, and 17 days (or 303 months and 17 days) to 25 years (or 300 months). (*Id.* ¶ 5; *id.* Ex. B at 5.) As a result of this audit and update, Mr. Walton's new projected release date is July 8, 2028. (*Id.* ¶ 4; *id.* Ex. B at 5.) This is also reflected in the public data on Mr. Walton's anticipated release date. *See* BOP, *Find an Inmate*, https://perma.cc/EUM8-LZKV (last visited Apr. 2, 2024).

## ANALYSIS

"The remedy to challenge the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241." *Barker v. Warden F.C.I. Sandstone*, No. 16-cv-3458 (PAM/DTS), 2017 WL 10979054, at *3 (D. Minn. Oct. 10, 2017) (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)). A federal habeas petitioner should file their petition with the district court where they are in custody. *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

---

than 300 months, Walton's remedy is available only through a petition pursuant to 28 U.S.C. § 2241" brought "in the district of confinement rather than in the sentencing court." (Doc. 1-2 at 3 (quoting *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989)).) Thus, his sentencing court in the Eastern District of North Carolina transferred his petition to the District of Minnesota. (*See* Doc. 1-2.)

4

Mr. Walton's petition brings a cognizable habeas claim, and properly does so in the district where Mr. Walton is in custody. (*See* Doc. 1-2 at 4). However, while Mr. Walton's petition has been pending, the United States reviewed Mr. Walton's sentence—as he requested in this petition—and made the exact recalculation and corrections that Mr. Walton seeks. Specifically, Respondent confirmed in its brief that the BOP audited Mr. Walton's sentence computation, found that his sentencing court intended "to impose an aggregated 300-month (25-year) term of imprisonment[,]" and updated his sentence "to reflect this interpretation." (Doc. 10 at 1 (citing Doc. 11 ¶ 4, *id.* Ex. B at 5).) Because the BOP has taken the very steps that Mr. Walton sought as relief in his petition, Respondent argues that the Court should find that the petition has become moot and dismiss it.

Under Article III of the Constitution, federal courts are allowed to adjudicate only ongoing cases or controversies. *See* U.S. Const. art. III, § 2; *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). "The 'case or controversy' requirement is not met if 'the question sought to be adjudicated has been mooted by subsequent developments.'" *Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)); *see also Haden v. Pelofsky,* 212 F.3d 466, 469 (8th Cir. 2000) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Beck by Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 605 (8th Cir. 1994) (per curiam)). If there is no longer an active case or controversy, the action must generally be dismissed for lack of subject-matter jurisdiction. *Potter,* 329 F.3d at 611.

> That said, a habeas petition should not be dismissed as moot where:
>
> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions,* No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of these exceptions apply to Mr. Walton's case. As to the first exception, he has not claimed to suffer any secondary or collateral injuries after the BOP updated his sentence to reflect the correct term of 300 months, nor does the Court find any on this record. (Docs. 10 at 2; 11 ¶¶ 3–4.) As to the second, it is possible that, in the future, the BOP might again miscalculate Mr. Walton's sentence in light of any credits he may have earned against it. However, the Court agrees with the government that if such an issue were to arise, it would not evade review because Mr. Walton could use the administrative remedy process available with the BOP to seek resolution and, after exhausting that process, could file a new action before the Court. (Doc. 10 at 2.) As to the third exception, no facts suggest the BOP intended to unlawfully hold Mr. Walton in excess of his sentence; rather a calculation error occurred, and the BOP corrected it when it recognized that error. And finally, Mr. Walton's claims are concerning only his own sentence for which no class action was alleged or certified. (*See generally* Doc. 1.) Given that no exception applies, this Court concludes that this matter is moot and recommends that it be dismissed for lack of subject-matter jurisdiction. *Accord Pritchard v. Marques*, No. 19-cv-1242

6

(WMW/BRT), 2019 WL 5023208, at *2 (D. Minn. Aug. 19, 2019), *R. & R. adopted*, 2019 WL 4957905 (D. Minn. Oct. 8, 2019).

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this matter, **IT IS RECOMMENDED** that:

1) Petitioner James Walton's Petition for a Writ of Habeas Corpus (Doc. 1) be **DENIED AS MOOT**; and

2) This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Date: April 3, 2024                           *s/Douglas L. Micko*
                                              DOUGLAS L. MICKO
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).